UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN PFEIFFER,

    Plaintiff,

v.                                                                    CASE No. 8:21-cv-1724-T-SPF

KILOLO KIJAKAZI,[1]
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for a period of disability and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed the proper legal standards, the Commissioner's decision is affirmed.

**I.    Procedural Background**

Plaintiff filed an application for a period of disability and SSI (Tr. 269-77).[2] The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 126-130). Plaintiff then requested an administrative hearing (Tr. 131-33). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 50-69). Following the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] All references to "Tr." refer to the transcript and page numbers of the Social Security administrative record filed on September 27, 2021 (Doc. 14).

hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 99-107).  Subsequently, Plaintiff requested review from the Appeals Council ("AC") and submitted new evidence (Tr. 212-15, 592-624). The AC remanded the claim back to the ALJ to consider the newly submitted evidence and for further proceedings (Tr. 112-15).  A second hearing was held before the ALJ on November 10, 2020 (Tr. 30-49). Following the second hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-29). Plaintiff again appealed and the AC denied review (Tr. 1-6).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

II.     **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1966, claimed disability beginning January 1, 2016, due to back pain, high blood pressure, and pain associated with nerve damage (Tr. 269, 303). Plaintiff completed one year of college and worked intermittently as a carpenter and in concessions, but has no past relevant work (Tr. 23, 304).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 5, 2017, the application date (Tr. 17).  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease without radiculopathy, lumbago/osteoarthritis of the lumbar spine, lumbar disc disorder without radiculopathy, history of right L1-L2 transverse process fracture in 2016, obesity, and depressive disorder (*Id.*).  Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an

impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 18). The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) (Tr. 19). The ALJ determined that Plaintiff is limited to:

> [O]ccasional climbing of ramps or stairs, but must never climb ladders, ropes, or scaffolds. The claimant is limited to occasional stooping, kneeling, crouching, and crawling, and frequent balancing. He must avoid concentrated exposure to unprotected heights, dangerous equipment, and vibrations. He can perform simple routine job tasks with a special vocational preparation (SVP) of 1 or 2 and a general educational development (GED) reasoning level of 1 or 2 to accommodate his pain and concentration issues.

(*Id.*). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 20).

Given Plaintiff's background and RFC, the vocational expert ("VE") testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as usher, vending machine attendant, and cafeteria attendant (Tr. 24). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (*Id.*).

### III.   Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted

or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations that establish a "sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### IV. Analysis

Plaintiff argues the ALJ: (1) erred in evaluating his subjective pain complaints, and (2) failed to comply with the AC's remand order (Doc. 23 at 11-32). For the following reasons, the Court finds substantial evidentiary support for the ALJ's decision.

#### A. Subjective Pain Complaints

Plaintiff contends the ALJ's RFC determination is "entirely inconsistent" with Plaintiff's allegations of low back pain, inability to walk and stand for more than 10 to 15

5

minutes without needing to sit or lay down, need to frequently change positions throughout the day, and need to have frequent bathroom breaks (Doc. 23 at 11-12). The Eleventh Circuit has crafted a pain standard to apply to claimants who attempt to establish disability through their own testimony of subjective complaints. The standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). When evaluating a claimant's subjective symptoms, the ALJ "must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). When the ALJ decides not to credit a claimant's testimony as to his pain, the ALJ must articulate explicit and adequate reasons. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. § 416.929(c)(2). "Other evidence" includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 416.929(c)(3). In the end, subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014).

Here, the ALJ relied on largely boilerplate language in assessing Plaintiff's subjective pain complaints:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 20). This language directly addresses the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence. *See Danan v. Colvin*, 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013).

Here, it is. The ALJ reviewed Plaintiff's allegations, both within the documents submitted, as well as Plaintiff's testimony at the hearing (Tr. 20). The ALJ noted that Plaintiff "indicated that he is significantly limited due to constant pain in his back," "experiences pain every day," and "stated that every job he had required heavy lifting, which he is now unable to do." (*Id.*). The ALJ continued to review Plaintiff's testimony from the hearing, noting that Plaintiff "stated that his back pain has worsened," and "[p]er his testimony, [Plaintiff] is in constant pain." (Tr. 20, 36, 38). The ALJ noted all of Plaintiff's reported limitations, including his stated inability to sit or stand for long periods of time, difficulty controlling his bowels, and inability to lift or carry more than 15 pounds. (Tr. 20, 38-40). Related to Plaintiff's ability to lift heavy items, the ALJ provided that she "concur[ed], and limit[ed] the claimant to a reduced range of light work." (*Id.*). The ALJ also underscored Plaintiff's testimony from the April 16, 2019 hearing related to Plaintiff's ability to "care[] for himself independently," including the fact that "he resides alone and cooks, shops, and takes care of

7

the household chores," and that "[i]t appears the claimant is capable of attending physician appointments without assistance." (Tr. 18, 54).

While Plaintiff's medical records reveal evidence of lumbar disc disorder and associated spine impairments, the medical evidence belies Plaintiff's complaints of disabling pain. Imagining from December 2016 shows fractures of the right transverse process of L1 and L2, but there is "no definite evidence of marrow edema to suggest an acute process." (Tr. 20, 610). The 2016 imagining results also reveal a right lateral disc herniation with right L2 nerve root impingement and disc herniation at the L4-5 level with an associated annular tear (*Id.*). In July 2017, Dr. Ghiath Kashlan completed a physical examination of Plaintiff (Tr. 561-66). Beyond a reduced range of motion in his hip flexion, Plaintiff otherwise displayed full range of motion for all movements (Tr. 21, 561-63). Dr. Kashlan's physical examination noted that Plaintiff "appeared comfortable" and "could get on and off the exam table easily," exhibited a normal gait with no ataxia or unsteadiness, was ambulating without an assistive device, and had no stiffness, effusion, or swelling in any of his joints (Tr. 565-66). Dr. Kashlan noted that Plaintiff exhibited spine tenderness of the spinous process of the L-spine and S-spine and had paraspinal muscle tenderness of the L-spine (Tr. 566). Plaintiff was noted to have no muscle weakness, was able to walk on heels and toes, and was able to squat (*Id.*). Upon reviewing Dr. Kashlan's examination report, the ALJ determined that "his report is persuasive as it is consistent with the diagnostic imaging showing some abnormalities of the lumbar spine. Yet, the unremarkable findings reported by Dr. Kashlan align with the mostly normal physical examinations by the claimant's primary care physician." (Tr. 21).

In August 2017, Plaintiff underwent an X-ray of the thoracic spine, which revealed "normal anatomic alignment," "no compression fractures," normal bone density, normal posterior elements, and normal paraspinous soft tissues, with "[m]ild degenerative disc changes noted at multiple levels" without acute osseous abnormalities (Tr. 21, 619). Plaintiff's complaints from the same August visit note left lateral back pain that is described as "constant, throbbing, reproducible and sharp to palpation." (Tr. 619). In November 2017, Plaintiff underwent a CT scan, which revealed normal lumbar vertebral alignment with no acute fracture or bony lesion, moderate decreases in disc height at L2-3, L3-4, and L4-5, and marked decrease in disc height at L5-S1 (Tr. 21, 616-17). Plaintiff's bone density continued to remain normal (Tr. 617-18).

In February 2018, Plaintiff was treated by Dr. Liu, who noted that Plaintiff's herniated disc pain was "resolved with conservative management." (Tr. 620). Despite Plaintiff's reports to Dr. Liu that his pain is "constant" and "throbbing," treatment notes show that Plaintiff was "in no distress," had "motor[,] bulk and tone" within normal limits, had full strength, and exhibited normal gait (Tr. 21, 620-21).

As the ALJ underscored in her decision, Plaintiff's record does not contain treatment related to his back pain after 2018 (Tr. 21). In 2019, Plaintiff presented for routine examinations, medication refills, and to request disability paperwork to be completed. (Tr. 637-44). The exam records from these routine visits do not include reports of disabling back pain and Plaintiff is noted to have "no acute complaints," to be "ambulating normally," and have normal motor strength and tone; normal joints, muscles, and bones; no tenderness; and normal movement in all extremities (Tr. 637-39).

In January 2020, Plaintiff presented with complaints of constipation and stomach pain, but otherwise displayed "no signs of discomfort." (Tr. 634). Upon referral, Plaintiff was seen by a gastroenterologist in March 2020, and presented with complaints of abdominal pain, diarrhea, constipation, and bloat (Tr. 625). Plaintiff underwent a colonoscopy, which revealed normal colonic mucosa and non-bleeding, small internal hemorrhoids (Tr. 650). During the colonoscopy, a polyp was found and removed (*Id.*). At a follow up visit in June 2020, Plaintiff "continue[d] to complain of episode of epigastric pain and heartburn. But he thinks that this is well controlled on omeprazole." (Tr. 655). Notes from the same visit provide that, upon examination, Plaintiff showed "no distress at this time" and Plaintiff was recommended to continue omeprazole (*Id.*).

Considering this, Plaintiff has not shown that the ALJ ran afoul of the Eleventh Circuit's pain standard. *See Holt*, 921 F.2d at 1223. The ALJ chronologically reviewed Plaintiff's medical records, discussing both the objective findings from Plaintiff's imaging and test results, as well as Plaintiff's physician's examinion findings and Plaintiff's reported complaints to his physicians. While the imaging shows Plaintiff's disc herniation, disc protrusion, and lumbar disc disorder, Plaintiff's subjective complaints related to his back pain do not match the severity observed by and reported to Plaintiff's physicians. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (explaining that mere diagnosis of impairments "does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's [RFC] determination."); 20 C.F.R. § 416.929(a) (subjective complaints alone insufficient to establish work-related limitation). After 2018, Plaintiff's record does not contain ample evidence of Plaintiff's ongoing back symptoms. During more recent routine

appointments, Plaintiff fails to mention his back pain. Even in Plaintiff's earlier medical records, from 2016 through 2018, Plaintiff is often noted to be in no acute distress, have full strength, and normal gait. Moreover, Plaintiff lives independently; he cooks, cleans, and grocery shops himself (Tr. 18, 54).

Related to Plaintiff's complaints of abdominal pain and frequent diarrhea and constipation, the record similarly fails to support the severity of symptoms alleged. While Plaintiff underwent a colonoscopy and upper endoscopy, treatment records note that Plaintiff had "no signs of discomfort" and Plaintiff further reported that his symptoms were well controlled with medication (Tr. 22, 625, 634, 650, 655). Plaintiff's abdominal pain treatment records fail to include the extreme frequency as alleged by Plaintiff during the hearing (Tr. 38-39).

The ALJ articulated specific and adequate reasons for discrediting Plaintiff's subjective complaints. To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. If the ALJ's findings are based on the correct legal standards and are supported by substantial evidence—as they are here—the Commissioner's decision must be affirmed even if the undersigned would have reached a different conclusion. *See Bloodsworth*, 703 F.2d at 1239. On this record, the ALJ did not err in considering Plaintiff's subjective complaints.[3]

---

[3] The undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth*, 703 F.2d at 1239.

### B. Newly Submitted Evidence

Next, Plaintiff argues the ALJ's decision requires remand because the ALJ failed to "call on a medical expert to testify at the hearing and determine what functional limitations" Plaintiff had in light of the new evidence submitted by Plaintiff. In reviewing the newly submitted evidence—imaging results from November 2017 showing bulges and moderate to marked decreases in disc height from L2-3 through L5-S1, as well as loss of disc height not previously reported—the AC directed the ALJ to consider the new evidence, and "if necessary, obtain evidence from a medical expert" related to the nature and severity of, and functional limitations resulting from Plaintiff's impairments (Tr. 112-14).

A hearing before the ALJ is not an adversary proceeding, and the ALJ has a basic obligation to develop a full and fair record. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This obligation exists even if the claimant is represented by counsel. *Id*. The claimant, however, "bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant may present evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). If a claimant presents evidence after the ALJ's decision, the AC must consider it if it is new, material, and chronologically relevant. 20 C.F.R. § 416.1470(b); *see also Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015). The AC must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence," including the new evidence. *Ingram*, 496 F.3d at 1261 (quotation marks omitted); *see also Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 800-01 (11th Cir. 2008) (*per curiam*). In other words, a claimant

seeking remand under sentence four of 42 U.S.C. § 405(g) "must show, in light of the new evidence submitted to the [AC], the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013).

Here, the ALJ began her decision noting that the case "is before me on remand" from the AC and outlined the AC's directive to consider the new evidence submitted by Plaintiff (Tr. 15). In her review of the medical record, as discussed at length above, the ALJ chronologically reviewed Plaintiff's treatment history, including the imaging results from November 2017 contemplated by the AC (Tr. 20-21). The ALJ then based her decision on all of the evidence of record, including the subsequently submitted records. While Plaintiff argues the ALJ erred by not relying on a physical consultative examining physician, Plaintiff's argument is misplaced. An ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram*, 496 F.3d at 1269. The Court finds that substantial evidence in the record supports the ALJ's decision, and the ALJ did not err by failing to consult an additional consultative physician.

## V. Conclusion

Accordingly, after consideration, it is hereby **ORDERED**:

1. The decision of the Commissioner is affirmed.

2. Clerk is directed to enter final judgment in favor of the Defendant and close the case.

**ORDERED** in Tampa, Florida, on June 9, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

14